IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ELLEN COLEMAN,<br><br>   *Plaintiff*,<br><br>v.<br><br>AMAZON MGE3 DISTRIBUTION<br>CENTER,<br><br>   *Defendant*. | CIVIL ACTION NO.<br>**3:26-cv-00036-TES** |

## ORDER TO RECAST COMPLAINT

Pro se Plaintiff Ellen Coleman filed a Complaint on April 6, 2026, along with a

Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). [Doc 1]; [Doc. 2]. For the

following reasons, the Court **GRANTS** her Motion to Proceed IFP, and **ORDERS** her to

recast her complaint.

### A.    Plaintiff's IFP Motion

Authority for granting permission to file a lawsuit without prepayment of fees

and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or proceeding,
> civil or criminal, or appeal therein, without prepayment of fees or security
> therefor, by a person who submits an affidavit that includes a statement of

all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of h[er] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's IFP information, the Court **GRANTS** her IFP Motion [Doc. 2].

### B.      Legal Standards

Since Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) requires the Court to review her Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not

invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable

question of law which the district court ultimately finds is correctly resolved against [a]

plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of

frivolousness is not." *Id.*

### C.  Plaintiff's Complaint

Complaints filed by pro se parties are construed liberally, and their allegations

are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v.*

*Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Even construed liberally, though, Plaintiff's

Complaint is not sufficient. She alleges that she has tinnitus, so her doctor told her to

use ear buds at work. [Doc. 1, p. 1]. She purchased ear buds and gave Defendant her

prescription from her doctor, but Defendant did not allow her to wear ear buds while

working. [*Id.*]. As a result, her condition worsened. [*Id.*]. She then alleges that a team

member named "Adam" harassed her in the weeks leading up to her carpal tunnel

surgery by telling her she "needed to leave work before the date given to [her] by

Human Resources." [*Id.*]. Plaintiff alleges that it was hard to work under those

conditions. [*Id.*].

Under Federal Rule of Civil Procedure Rule 8, pro se parties are not required to

cite specific statutes or cases to support their claims. *McConnell v. Adams*, No. 5:24-cv-

00461-TES, 2025 WL 1073709, at *3 (M.D. Ga. Apr. 9, 2025). While that is true, Plaintiff

must plead factual allegations sufficient enough to know—or at least ascertain—what

her claims are. *Cf. Gindt v. LifeHope Labs*, No. 1:22-cv0-03198-SCJ, 2023 WL 6194079, at *3 (N.D. Ga. May 12, 2023) ("Plaintiff's factual assertions thus do not provide an ascertainable basis for even liberal construction of intended claims and Defendants clearly do not know (nor could they) what the claims asserted them may be, and thus, Plaintiff's complaint fails to fulfill an essential purpose of a complaint."). For example, what is the connection—if any—between Defendant not allowing Plaintiff to use earbuds at work and Adam harassing her? Are these separate claims? Was Plaintiff fired because of the events she has alleged? Did "leave" mean leave the company, or temporary leave for surgery and recovery? How close in time were the earbuds incident and the interactions with Adam?

The closest Plaintiff comes to indicating what her claims are is when she says "[r]etaliation against injured workers is against the law." [Doc. 1, p. 1]. Therefore, the Court **ORDERS** Plaintiff to recast her Complaint to include more specific factual allegations regarding her claims. Plaintiff's recast complaint is due by *April 21, 2026*. Again, Plaintiff is not required to cite law to support her claims. But, she should fix the vagueness in her current Complaint so the Court may better ascertain what her claims are. To aid Plaintiff in her drafting, answers to the following questions—along with the questions asked above—may provide some guidance.

(1)    Are there any relevant details about yourself that you did not include in your Complaint?

(2)    Expand on your "Description" from the Complaint. What *specifically*

occurred (or didn't occur) for you to think there has been a violation of your rights?

(3)     If you were terminated, which of your supervisors were involved with the employment decision(s) in this case?

(4)     What remedy are you seeking—i.e. damages, an injunction to stop a certain action, or something else?

In drafting her recast complaint, the Court reminds Plaintiff that even as a pro se litigant she is still required to conform to the Federal Rules of Civil Procedure. *Albra*, 490 F.3d at 829 (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'"). A district judge has the authority to dismiss a complaint for failure to comply with the federal rules. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333. 1337 (11th Cir. 2005) (recognizing a district judge may dismiss a case sua sponte under either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket).

There shall be *no service of process* in this case until the Court receives Plaintiff's recast complaint and fully conducts the required frivolity review. The Court notes that a recast complaint takes the place of and supersedes the original complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against her adversary."). Thus, the Court will look *only* to the contents of Plaintiff's recast

6

complaint when reviewing her claims pursuant to 28 U.S.C. § 1915(e).

Finally, Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court may dismiss this action without further warning. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and **ORDERS** Plaintiff to recast her Complaint. Once Plaintiff files her Recast Complaint, the Court will review her pleading to determine whether it is frivolous pursuant to 28 U.S.C. §1915(e).

**SO ORDERED**, this 7th day of April, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**