**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **ELLEN COLEMAN,**<br><br>　　　*Plaintiff*,<br><br>**v.**<br><br>**AMAZON MGE3 DISTRIBUTION CENTER,**<br><br>　　　*Defendant*. | **CIVIL ACTION NO.**<br>**3:26-cv-00036-TES** |

**ORDER OF DISMISSAL**

The Court previously granted pro se Plaintiff Ellen Coleman *in forma pauperis* status ("IFP") and ordered her to recast her Complaint. [Doc. 3]. Plaintiff failed to file a recast Complaint by the deadline, so the Court ordered her to show cause why her case should not be dismissed for failure to follow the Court's order. [Doc. 4]. Plaintiff then filed a Recast Complaint, but after the Court's deadline. Since Plaintiff is proceeding pro se, the Court will continue past the late filing to conduct its frivolity review.

A.　　**Legal Standards**

Since Plaintiff is proceeding IFP, 28 U.S.C. § 1915(e) requires the Court to review her Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass

complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to

filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B.   Plaintiff's Recast Complaint [Doc. 5].

"A recast complaint takes the place of and supersedes the original complaint."[1] *Green v. Smith*, No. 5:22-cv-00298-TES-CHW, 2022 WL 22898666, at *4, n.1 (M.D. Ga. Oct. 21, 2022) (citing *Harris v. Sproul*, No. 1:13-cv-53 (WLS), 2013 WL 6198199, at *2–3 (M.D. Ga. Nov. 26, 2013)). The Court, like it said it would in its Order to Recast, looks only to the contents of Plaintiff's Recast Complaint. Now, complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

---

[1] The Court notes that it told Plaintiff that the Recast Complaint would replace her original Complaint in its Order to Recast. [Doc. 3, p. 6].

Even construed liberally, though, Plaintiff's Recast Complaint is still not sufficient. Her Recast Complaint is eight paragraphs long and contains some of the same factual allegations as her original Complaint. *See* [Doc. 5]. She did not address the Court's questions in its Order to Recast. [Doc. 3, pp. 5–6].

Like in her original Complaint, Plaintiff alleges that she has tinnitus, so her doctor told her to use ear buds at work. [Doc. 5, ¶ 3]. She was unable to wear them while at work. [*Id.* at ¶ 3]. She is unable to hear well now because her hearing became worse during her employment. [*Id.* at ¶ 4]. She also makes allegations of injuries to her hands. [*Id.* at ¶¶ 1–2]. Simply put, Plaintiff still has not fixed the vagueness in her Complaint, nor are the facts in her eight paragraph Recast Complaint sufficient to state a claim. Accordingly, the Court **DISMISSES** her claim as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii)

**SO ORDERED**, this 20th day of July, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4